## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **RONALD BRADEN SMITH, #28608078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:23cv73** |
| | § | **CRIMINAL ACTION NO. 4:19cr99(1)** |
| **UNITED STATES OF AMERICA** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Ronald Braden Smith filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. On February 17, 2023, mail that was sent to Movant was returned, marked "Return to Sender - Inmate No Longer at Facility." (Dkt. #4). It is Movant's responsibility to keep the Court advised of his current address. In an abundance of caution, the Court sent an order to Movant to provide his current address no later than Thursday, March 16, 2023, at 5:00p.m (Dkt. #5). That Order was also returned to the Court, marked "Return to Sender - Insufficient Address - Inmate No Longer At Facility - Unable to Forward" (Dkt. #6). As of today's date, Movant has failed to provide a current address; accordingly he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever

1

...

necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).  The present case should be dismissed for failure to prosecute.  Fed. R. Civ. P. 41(b).

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits.  *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff failed to prosecute his case.  His intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

## **RECOMMENDATION**

It is recommended the § 2255  motion be dismissed without prejudice. *Id.*  Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)( c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court,

except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of April, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE